**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*Season 4, LLC v. 3M Company, et al.*
Case No. 3:21-mc-55-MCR-GRJ
_____/

## ORDER

This miscellaneous matter stems from a pending multidistrict litigation action ("MDL") in this Court, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-mc-2885-MCR-GRJ (N.D. Fla.).  On September 3, 2021, non-party Season 4, LLC ("S4") filed a motion to quash MDL Defendants' subpoena served in the District of New Jersey pursuant to Federal Rule of Civil Procedure 45. ECF No. 1.  While the motion to quash was pending in the District of New Jersey, MDL Defendants filed a Motion to Stay pending a decision by the United States Judicial Panel on Multidistrict Litigation ("JPML") regarding transfer of the motion to this Court. ECF No. 11.  The JPML transferred the motion to quash to this Court for resolution on September 29, 2021. ECF No. 14.

Prior to the MDL Plaintiffs' and Defendants' responses to S4's motion to quash, MDL Plaintiffs' counsel, Cohen, Placitella and Roth ("CPR"), filed a motion to intervene in the matter to assert their client's attorney-client and work-product privileges for the subpoenaed documents. ECF Nos. 18, 18-1.  The MDL Plaintiffs filed a motion in support of CPR's intervention, ECF No. 22.  Defendants did not respond in opposition, and the time for responding has passed.

The Motion to Intervene is, therefore, ripe for consideration.  The MDL Plaintiffs argue that intervention is appropriate as a matter of right under Federal Rule of Civil Procedure Rule 24(a).  ECF No. 18-1 at 8-9.  Rule 24(a) provides:

> [T]he court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  In the Eleventh Circuit, a non-party may intervene under Rule 24(a) when four requirements are met:

> (1) [the] application is timely; (2) [the non-party has] an interest relating to the property or transaction that is the subject of the action; (3) [the non-party is] so situated that disposition of the action, as a practical matter, may impede or impair [the applicant's] ability to protect that interest; and (4) [the non-party's] interest is represented inadequately by the existing parties to the suit.

*Tech. Training Assoc., Inc. v. Bucaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017) (citation omitted).

As to the first factor (timeliness), the court looks at "all the circumstances", *Nat'l Ass'n for the Advancement of Colored People v. N.Y.*, 413 U.S. 345, 366 (1973), while making four specific inquiries:

> (1) the length of time during which the intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenors failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cty.*, 720 F.2d 1511, 1516 (11th Cir. 1983).  The motion to intervene was filed more than eighteen months after S4 was served. So, S4 reasonably would have known of its interest in this case before now.  However, looking at the remaining three questions, they weigh in favor of allowing CPR to intervene.

First, the Court finds no prejudice to the parties if CPR intervenes for the limited purpose of this discrete discovery issue.  Further, the Court finds that CPR's clients would be prejudiced if Plaintiffs' counsel is not heard on this matter.  Finally, the MDL itself is an unusual circumstance, which, in this case, militates for CPR's intervention.  In sum, CPR's motion is timely.

As to the second factor (non-party's interest), the moving party must assert an interest that is significantly protectable. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The Eleventh Circuit "requires that the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. This interest has also been described as a direct, substantial, legally protectable interest in the proceedings." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) (citation omitted). Here, CPR has a legally protectable interest in the proceedings as CPR intends to assert attorney-client privilege over communications subject to the subpoena. *See In re Grand Jury Proceedings in Matter of Freeman*, 708 F.2d 1571, 1575 (11th Cir. 1983) (intervention "should have been allowed … once the claim of attorney-client privilege … surfaced"); *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) ("Colorable claims of attorney-client and work product privilege qualify as sufficient interests to ground intervention as of right."). The second factor is thus met.

As for the third factor (impairment of non-party's interest), the Court finds that enforcement of MDL Defendants' subpoena could deprive CPR of the ability to assert privilege as to communications between CPR and its potential, current, and former clients. Once the privilege is lost, it cannot be restored. Accordingly, the third factor is satisfied.

Finally, as to the fourth factor (unusual circumstances), CPR says that it should be permitted to make two arguments in support of granting the motion to quash, because S4, as a non-party, would not have known to make the arguments. First, general discovery in the MDL has closed, so Defendants should not be permitted to seek the discovery now.[1] Second, the documents sought are not only privileged, but they are also not relevant to the claims and defenses asserted in the MDL. S4 would have no way of knowing what documents are, or are not, relevant. Upon due consideration, the Court concludes that CPR has satisfied the fourth factor.

Having met the requirements of Fed. R. Civ. P. 24(a)(2), the MDL Plaintiffs' Motion to Intervene is due to be granted.

Accordingly, it is **ORDERED**:

1. The MDL Plaintiffs' Motion to Intervene, ECF No. 18, is **GRANTED**. The MDL Plaintiffs may intervene in this discovery matter.

2. The MDL Plaintiffs must file a memorandum in support of S4's motion to quash, ECF No. 1, **on or before November 17, 2021**. The MDL Defendants may file a response addressing the MDL Plaintiffs' arguments **on or before November 24, 2021.**

---

[1] The Lanier Law Firm, PLLC, part of the MDL Plaintiffs' leadership team, joins this argument, adding that party-specific discovery is not open for non-bellwether plaintiffs, which includes *Classaction.org* users, rendering the subpoena premature for the non-bellwether cases. ECF No. 20 at 4.

5

**DONE AND ORDERED** this 3rd day of November 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge